**BRIAN C. LOWNEY**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**101 E. Front St., Suite 401**
**Missoula, MT 59802**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**
**Email: brian.lowney@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MATTHEW RAY TACK,**<br><br>**Defendant.** | **CR 24-60-M-DWM**<br><br><br>**SENTENCING MEMORANDUM** |

The United States, represented by Assistant U.S. Attorney Brian C. Lowney, files the following in anticipation of the sentencing hearing set in this case on April 1, 2025.  Doc. 19.

### INTRODUCTION

On December 4, 2024, defendant Matthew Ray Tack pled guilty to the sole count of the indictment, which charged failure to register as a sex offender, in

1

violation of 18 U.S.C. § 2250(b).  PSR ¶ 3.  There is no plea agreement in this case.  *Id.*

Thereafter, the United States Probation Office prepared a Presentence Investigation Report (PSR), which calculated Tack's advisory guidelines range at 10 to 16 months based on a total offense level (TOL) of 10 and a criminal history category (CHC) of III.  PSR ¶ 80.  Per statute, the maximum term of imprisonment on the sole count is 10 years.  PSR ¶ 79.

Neither party has objections to the PSR.  The government does not anticipate calling any witnesses at sentencing.

## RECOMMENDATION

Section 3553(a) of Title 18 of the United States Code contains prefatory language: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;

- promote respect for the law;

- provide just punishment for the offense;

- afford adequate deterrence to criminal conduct;

- protect the public from further crimes of the defendant; and,

- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition, subsection (1) of § 3553(a) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; subsection (3) requires the Court to consider the kinds of sentences available; subsections (4), (5), and (6) require the Court to consider the sentencing guidelines and policy statements, and to avoid unwarranted sentencing disparity; and subsection (7) requires the Court to provide restitution to victims.

Tack is 40 years old and is a registered sex offender based on his 2014 conviction for sexual abuse of children in Missoula County District Court Case DC-13-595. PSR ¶ 43. In that case, Tack solicited a 13-year-old child to send him sexually explicit images of herself. *Id.* Though Tack denied knowledge of the age of the child at the time, the victim reported to police that she had informed Tack of her age in their conversations. *Id.* Moreover, Tack's search history at the time demonstrated his sexual interest in minors. *Id.*

Tack continued to demonstrate this interest during the investigation in this case. PSR ¶¶ 10-16. Throughout 2023, Tack engaged with several undercover officers posing as children online. *Id.* In those conversations, Tack told one of the purported children that he "honestly [wants to] fuck you", asked two others for photos of themselves and told one of the children that he found them attractive. *Id.*

Several months after engaging in these conversations, Tack traveled to Bogota, Colombia, without notification to his registration entity.  PSR ¶¶ 17-18.

Notably, Tack did not complete the sex offender treatment that was prescribed as a condition of his Missoula County sentence.  PSR ¶ 59.  Further, Tack's prior treatment provider indicated he "struggles with a propensity towards teenage girls", an attraction he "has difficulties accepting".  *Id*.  Considering his failure to complete his treatment, combined with Tack's behavior immediately prior to his travel in this case, Tack's disregard for the notification requirement here is especially concerning.

In sum then, Tack continues to engage in alarming behavior regarding children.  His travel to Colombia without notification should be viewed in that light, rather than as a detail Tack "overlooked", as he remonstrates to the Court.  PSR ¶ 21.

## CONCLUSION

As such, the United States recommends the Court impose a guidelines sentence in this case, which is warranted by the above factors.

Respectfully submitted this 18th day of March 2025.

KURT G. ALME
United States Attorney

*/s/ Brian C. Lowney*
BRIAN C. LOWNEY
Assistant U.S. Attorney

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2025, a copy of the foregoing document was

served on the following persons by the following means:

(1,2) CM/ECF
( ) Hand Delivery
( ) U.S. Mail
( ) Overnight Delivery Service
( ) Fax
( ) E-Mail


1.   Clerk, U.S. District Court

2.   Michael Donahoe
     Attorney for the Defendant


                              */s/ Brian C. Lowney*
                              Assistant U.S. Attorney
                              Attorney for Plaintiff