IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>MATTHEW RAY TACK,<br><br>Defendant/Movant. | Cause No. CR 24-60-M-DWM<br><br>ORDER |

Before the Court is Petitioner Matthew Ray Tack's ("Tack") 28 U.S.C. § 2255 Motion to Vacate Judgment. (Doc. 42.) Tack, proceeding pro se, challenges the 5-month custodial sentence, followed by 5 years of supervised release, imposed after he pled guilty to Failure to Register as a Sex Offender. *See e.g.*, Judg., (Doc. 29.)

**Background**

On October 23, 2024, the grand jury handed down an indictment charging Tack with Failure to Register as a Sex Offender, in violation of 18 U.S.C. §2250(b). Federal Defender Michael Donohoe was appointed to represent Tack. (Doc. 8.) On October 25, 2024, Tack appeared with counsel and entered a not guilty plea. Tak was released from custody with conditions. *See*, Min. (Doc. 5.)

On December 4, 2024, Tack pled guilty to the indictment without a plea agreement. *See*, Min. (Doc. 18); *see also*, Motion, (Doc. 15.)

A presentence report ("PSR") was prepared which calculated Tack's guideline imprisonment range of 10 to 16 months. (Doc. 31 at 18, ¶ 80.)

A sentencing hearing was held on April 3, 2025. The Undersigned adopted the PSR without objections and accepted Tack's guilty plea. (Doc. 28.) To fulfill the sentencing objectives of 18 U.S.C. § 3553(a), Tack was sentenced to the Bureau of Prisons, for 5 months, followed by a 5-year period of supervised release. (*Id.*)

Tack filed a notice of appeal. (Doc. 32.) Tack's counsel subsequently filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no non-frivolous arguments for appeal. Tack did not file a pro se response. On November 18, 2025, after conducting an independent review of the record, the Ninth Circuit Court of Appeals granted counsel's motion to withdraw and affirmed Tack's judgment of conviction. *See, United States v. Tack*, No. 25-2260, Mem. (9th Cir. Nov. 18, 2025); (Doc. 40).

Tack timely filed his § 2255 motion on June 17, 2026. *See*, 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988). Tack essentially argues that he was wrongfully convicted in this Court, as his underlying state conviction should not have triggered a corresponding registration requirement under the Sexual and Violent Offender Registry Act, which he was then found to have violated. *See*, (Doc. 42.) Specifically, Tack alleges when he was sentenced by the

State of Montana in June of 2014, there was no requirement for a 21-day registration notification. (*Id.* at 1)(*citing State v. Hinman*, 2023 MT 116, 412 Mont. 434, 530 P. 3d 1271). Accordingly, Tack contends that it was unlawful to impose new sanctions upon him, specifically the registration requirement, and to do so constituted an *ex post facto* violation. (Doc. 42 at 1-2.) Based upon this, Tack argues that no federal offense occurred and that this Court was without jurisdiction to preside over his criminal case. (*Id.* at 2.)

**Procedural Default**

Following a preliminary screening of his motion, Tack was informed that it appeared his claims were procedurally defaulted. Tack was given an opportunity to explain why the matter should not be dismissed, and the relevant legal standards were provided. *See generally*, (Doc. 43.) Tack timely responded. (Doc. 44.)

The general rule is "that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States,* 538 U.S. 500, 504 (2003). Thus, a Section 2255 movant raising a claim for the first time in post-conviction proceedings is in procedural default and is precluded from asserting the claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998)(finding default where petitioner challenging his guilty plea did not raise claim in direct appeal); *United States v. Frady*, 456 U.S. 152, 165 (1982)(noting that a motion to vacate or modify a sentence under 28 U.S.C. § 2255 cannot be

used as a substitute for appeal). In the instant matter, Tack did not raise his challenge to the registration requirement on direct appeal, and it is now procedurally defaulted.

A procedural default may be excused based on a showing of cause and prejudice. "Cause" is the legitimate excuse for the default. *Thomas v. Lewis*, 945 F. 2d 1119, 1123 (9th Cir. 1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 99th Cir. 1990)(*quoting Reed v. Ross*, 468 U.S. 1, 13 (1984), cert. denied, 498 U.S. 832 (1990). Cause should ordinarily turn, however, on some objective factor external to the petition, for example:

> ...a showing that the factual or legal basis for a claim was not reasonably available to counsel or that "some interference by officials," made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986)(internal citations omitted). A movant can make this showing when "the factual or legal basis for [the] claim was not reasonably available to counsel" at the time of sentencing or direct appeal. *Id.*; *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007). To establish actual prejudice, the movant must show that the error worked to his "actual and substantial disadvantage." *Frady*, 456 U.S. at 170.

Tack suggests that at the time of his state conviction, he was not required to

give a 21-day notice for international travel and, if he subsequently failed to do so, he should have been charged, if at all, under state law and not with a federal criminal offense. (Doc. 44 at 1-2.) Tack does not explain when he "discovered" this legal theory, but he does not dispute that he completed and signed a Montana Department of Justice Sexual and Violent Offender Registry form in November of 2018, which stated, "I must notify my primary registration agency 21 days in advance if I intend to travel outside the United States." *See e.g.*, PSR (Doc. 31 at 4, ¶ 9.) Nor does Tack dispute that he signed and initialed this same form a second time in August of 2022. (*Id.*) Tack cannot show that his claim has merit. But, more importantly, for purposes of the procedural default, Tack cannot show that he was unaware of the factual basis of the claim or that such a challenge was unavailable to federal trial counsel or on appeal.

Moreover, it appears appellate counsel reviewed all potential claims for appeal advised the Ninth Circuit that there were no viable claims. Tack did not respond to appellate counsel's *Anders* brief, nor did he attempt to independently present this argument on appeal. "The mere fact the counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486.

Tack also seems to suggest that he was abandoned by state counsel following the conclusion of the sentence imposed as a result of his 2014 judgment

of conviction. Tack states upon his release, he was "almost immediately indicted with new more serious charges" which left him overwhelmed and unfamiliar with the relevant laws and procedures regarding his registration.

But Tack's recitation of the facts and timeline is not quite accurate. By virtue of his state sentence, Tack was required in 2014 to register as a Tier I sex offender. *See*, PSR (Doc. 31 at 3, ¶ 8.) As set forth above, following his release from state custody, he signed forms on two separate occasions with the Montana Department of Corrections, in November of 2018 and August of 2022, acknowledging the requirement that he provide his primary registration agency notice 21 days advance of any international travel. The grand jury indictment in this instant matter was not handed down until October 23, 2024. Thus, the Court fails to see how Tack purportedly losing touch with state counsel, following his release from custody sometime in 2018, was an objective external factor that caused him to fail to acknowledge or raise this potential claim more than six years later. In short, Tack has not shown adequate cause to excuse the default. *Murray*, 477 U.S. at 488.

**Waiver**

Additionally, it appears that Tack has waived his claim by virtue of his guilty plea. "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267

(1973). Therefore, when "a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* Rather, he "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" amounted to ineffective assistance of counsel. *Id.*

Accordingly, to obtain review of this claim, Tack must show that trial counsel provided ineffective advice relative to his entry of plea. Tack makes no such claim, nor does he assert that his plea was unintelligent or involuntarily.

Tack's challenge to the registration requirement is waived and procedurally defaulted without excuse. Accordingly, Tack's motion must be dismissed with prejudice.

**Certificate of Appealability**

A movant may appeal a district court's dismissal of a § 2255 motion only after obtaining a certificate of appealability from the district court or the circuit court. 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied if "jurists of reason could disagree with the district court's resolution of the constitutional

claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)(citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Under this standard, the Court concludes that Tack is not entitled to a certificate of appealability. No reasonable jurist would find debatable Tack's failure to demonstrate entitlement to relief on the claims presented in his § 2255 Motion or that he should be allowed to proceed further in light of the procedural default.

Accordingly, **IT IS ORDERED**:

1. Tack's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 42) is DISMISSED with prejudice.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Tack files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 26-90-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Tack.

DATED this 25th day of September, 2026

Donald W. Molloy, District Judge
United States District Court